IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCOTT JASON WATSON,<br><br>*Defendant.* | Criminal No. 1:21-CR- 127 |

## STATEMENT OF FACTS

The United States and the defendant, Scott Jason Watson, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. From in and around December 15, 2020 to on or about January 21, 2021, in the Eastern District of Virginia and elsewhere, the defendant, Scott Jason Watson, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown, to unlawfully, knowingly, and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. On or about January 21, 2021, within the Eastern District of Virginia, and elsewhere, the defendant, SCOTT JASON WATSON, knowingly having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a Ruger 38 Special, Serial Number 543-12530, in and

affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

3. The defendant was personally involved in the possession with intent to distribute at least 5 kilograms, but less than 15 kilograms, of cocaine (Level 30).

4. On or about December 5, 2020, in Maryland, the defendant provided one ounce of cocaine to Confidential Source 1 ("CS-1") in exchange for $2,000. The transaction was set up by an unindicted coconspirator.

5. On or about December 16, 2020, the defendant expressed interest to CS-1 in speaking to a cocaine supplier of CS-1.

6. Thereafter, CS-1 introduced the defendant to Confidential Source 2 ("CS-2") as CS-1's cocaine supplier. On or about December 20, 2020, the defendant communicated with CS-2 and they agreed to meet in January 2021 in order to discuss a narcotics transaction.

7. On or about January 4, 2021, the defendant met with CS-2 in Arlington, Virginia, within the Eastern District of Virginia. CS-2, the defendant, and other individuals (who were agents of the government) discussed the purchase of kilogram quantities of cocaine by the defendant from CS-2. The defendant stated that he would be interested in purchasing kilograms of cocaine, that he had about $100,000, and that he would be selling a kilogram of MDMA and one half kilogram of cocaine to come up with additional funds for the cocaine transaction. Confidential Source 3 ("CS-3") was also introduced to the defendant as the local contact who would be conducting the cocaine transaction.

8. On or about January 14, 2021, the defendant told CS-3 that he had sold some of the above-mentioned MDMA and cocaine, and stated that CS-3 should have ten kilograms of cocaine shipped for the defendant to purchase.

9.  On or about January 20, 2021, the defendant informed CS-3 that he had $110,000 for the cocaine transaction and would collect additional money from unidentified co-conspirators. The defendant further stated that he would purchase five kilograms of cocaine, and would return for additional cocaine after he sold the first five kilograms.

10. On or about January 21, 2021, the defendant told CS-3 that he had enough money to purchase four kilograms of cocaine. CS-3 stated that CS-3 would provide the defendant with the five kilograms. The defendant stated that he would be back with the rest of the money for the additional kilogram later that day.

11. On or about January 21, 2021, the defendant and CS-3 met in Arlington County, within the Eastern District of Virginia. The defendant was shown five kilograms of cocaine and examined them. The defendant gave CS-3 approximately $140,000 in United States currency. The defendant took possession of the five kilograms of cocaine from CS-3 and loaded them into the trunk of the vehicle that he had been driving. The defendant also possessed a loaded Ruger 38 Special, Serial Number 543-12530, in a backpack in the trunk of the vehicle next to where he placed the cocaine.

12. The Ruger 38 Special was manufactured outside the Commonwealth of Virginia and traveled in and affected interstate and foreign commerce prior to its recovery on January 21, 2021.

13. In the defendant's residence in Maryland, the defendant possessed two additional firearms, and controlled substances to include suspected THC, marijuana, cocaine, mushrooms, PCP, and methamphetamine.

14. Prior to January 21, 2021, the defendant had been convicted of a crime punishable for a term exceeding one year and his rights had not been restored by the date of the present offense. Specifically, the defendant was convicted of the felony offense of possession of a schedule I or II

controlled substance in 2009. On January 21, 2021, the defendant was aware that he had been previously convicted of a crime punishable for a term exceeding one year, and that as a result, he was prohibited from possessing firearms.

15. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

16. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

17. If the defendant breaches the plea agreement, then pursuant to the plea agreement, he waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____
Rachel M. Roberts
Special Assistant United States Attorney (LT)

**Defendant's signature:** After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Scott Jason Watson, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: 5\17\21

_____
Scott Jason Watson
Defendant

**Defense counsel signature:** I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 5/17/21

_____
Harry Dennis, Esq.
Attorney for the Defendant