IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-CR-127 (RDA) |
| | ) | |
| SCOTT JASON WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, on June 2, 2021, the defendant, Scott Jason Watson, waived indictment and pleaded guilty to two counts of a criminal information, charging the defendant with Count 1, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Count 2, felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The defendant further agreed to the forfeiture of all the defendant's interests in the property that is the subject of this order of forfeiture;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the criminal information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 21 U.S.C. § 853(a)(1), the following is forfeited to the United States of America as property constituting or derived from proceeds obtained from the violation set forth in Count 1 of the criminal information:

    a. $149,500 U.S. currency; and

    b. All contents of Bittrex account(s) registered in the name of the defendant.

2. Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following are forfeited to the United States of America as firearms in possession of a felon:

    a. Ruger 38 Special Firearm, S/N: 543-12530, with any magazines and ammunition;

    b. Taurus 617 357 Magnum Firearm, S/N: Q1556150, with any magazines and ammunition;

    c. Canik TP9 Elite Combat Firearm, S/N: T6472-19BN 04516, with any magazines and ammunition;

    d. Smith & Wesson M&) 15 Firearm, S/N: TM06180; with any magazines and ammunition; and

    e. Homemade AR15-Style Rifle, S/N: None, with any magazines and ammunition.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

4. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

5. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

6. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8. If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

September ___, 2021
Alexandria, Virginia

_____
United States District Judge Rossie D. Alston, Jr.

WE ASK FOR THIS:

    Raj Parekh
    Assistant United States Attorney
    Eastern District of Virginia

By: _____/s/_____
    Rachel M. Roberts
    Special Assistant United States Attorney (LT)

_____
Scott Jason Watson
Defendant

_____
Harry Dennis, Esq.
Counsel for the Defendant